UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERMAINE RIOS,

                    Petitioner,                    Case Number 2:13-CV-11186
                                                   Honorable Arthur J. Tarnow
v.

KEN TROMBLEY,

                    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

    Dermaine Rios, ("Petitioner"), filed this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Petitioner is currently a prisoner at the Baraga

Maximum Facility, serving a five-to-fifteen year sentence for his Chippewa Circuit

Court conviction for arson, MICH. COMP. LAWS § 750.73, and a one-to-five year

sentence for his Wayne Circuit Court conviction of third-degree home invasion.

MICH. COMP. LAWS § 750.110.[1]

---

[1]

Petitioner's current custodial status was obtained from the Michigan Department of
Corrections public website. Public records and government documents, including
those available from reliable sources on the Internet, are subject to judicial notice.
See *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D.
Mich. 2003). A federal district court is thus permitted to take judicial notice of another
court's website. See e.g. *Graham v. Smith*, 292 F. Supp. 2d 153, 155, n. 2 (D. Me.
2003).

The petition does not challenge either of these convictions. Rather, it challenges Petitioner's August 29, 2003, Wayne Circuit Court guilty plea conviction of attempted possession with intent to deliver less than 50 grams of cocaine. MICH. COMP. LAWS § 333.7401(2)(a)(iv). Petitioner was sentenced on January 16, 2004, under the terms of his plea bargain to six months in the Wayne County Jail. The petition raises the following three claims: (1) the trial court erroneously denied Petitioner's motion for relief from judgment; (2) Petitioner's guilty plea was involuntary because of ineffective assistance of counsel; and (3) Petitioner's counsel was ineffective at sentencing.  The Court will deny the petition because Petitioner is not in custody pursuant to the conviction he challenges in this petition. The Court will also deny Petitioner a certificate of appealability.

## I. Background

On August 29, 2003, Petitioner pled guilty to attempted possession with the intent to deliver less than fifty grams of cocaine. He was sentenced on January 16, 2004, to six months in jail, with credit for 131 days served. Under the terms of the sentence, Petitioner completed his sentence sometime in 2004.

Rios did not file an application for leave to appeal in the Michigan Court of Appeals to challenge this conviction or sentence.

Rather, on June 22, 2010, while Petitioner was in prison for his subsequent convictions, he filed  a motion for relief from judgment in the trial court. The trial court denied this motion on September 22, 2010.

On January 19, 2011, Rios filed a delayed application for leave to appeal in the Michigan Court of Appeals. On August 30, 2011, the Michigan Court of Appeals denied Rios' application in a standard order. Petitioner appealed this order, and on March 5, 2012, the Michigan Supreme Court denied his application for leave to appeal. *People v. Rios*, 808 N.W.2d 789 (Mich. 2012) (table).

## II. Discussion

The Court is without jurisdiction to consider Petitioner's claims because he is no longer in custody pursuant to the judgment of sentence he challenges in his habeas petition.

Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." *Id*. The "in custody" requirement is a jurisdictional one; if a petitioner is not "in custody" at the time that the petition is filed, the Court lacks jurisdiction to consider it. *Maleng v. Cook*, 490 U.S. 488, 490-91(1989). Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492.

There is an exception to this rule, but it does not apply here. The Supreme Court has held that an attack on a prior, expired conviction "can be read" as

3

asserting a challenge to the sentence for which the petitioner is in custody, "as enhanced by the allegedly invalid prior conviction." *Id.* at 493. However, in *Maleng* the Court declined to express the extent to which a petitioner could question the legality of a prior, expired sentence in that fashion. See *id.* at 494.

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court squarely decided the question left open in *Maleng*. See *Lackawanna*, 532 U.S. at 403-04. The Court held that "once a [prior] state conviction is no longer open to direct or collateral attack in its own right . . . the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* However, there is an exception to the foregoing rule "for petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Lackawanna*, 532 U.S. at 404. In the latter circumstance, habeas relief with regard to the enhanced sentence may be appropriate. *Id.*

For example, in *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 827-828 ( E.D. Mich. 2004), the petitioner challenged his long-expired 1971 misdemeanor convictions for possession of marijuana and LSD, claiming that they were used as a reason to deny him parole based on his custodial sentence. Petitioner does not

4

make this sort of argument in this case. Indeed, he does not even mention his custodial convictions or sentences in his petition.

In the present case, the sentence arising from Petitioner's 2003 conviction has expired. Petitioner does not allege that his custodial sentences were enhanced as a result of his expired sentence. And perhaps more significantly, Petitioner does not allege that he was not appointed counsel in violation of *Gideon* with respect to his expired sentence. Consequently, the *Lackawanna* exception does not apply and the Court lacks jurisdiction to consider Petitioner's claims challenging his earlier conviction and sentence.

### III. Conclusion

Based on the foregoing analysis, the Court concludes that it does not have jurisdiction to consider Petitioner's claims.  Accordingly, the Court **DISMISSES** the petition for writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*,

529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37.  The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's decision that it lacks jurisdiction.

Accordingly, the Court **DENIES** Petitioner a certificate of appealability.

**SO ORDERED.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 4, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 4, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant